12-4514-cv
Freidus v. ING

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                          *Circuit Judges*.

_____

MARSHALL FREIDUS AND RAY RAGAN INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                          *Plaintiffs - Appellants*,

BELMONT HOLDINGS CORP.,

                          *Movant - Appellant*,

EDWARD P. ZEMPRELLI, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

                          *Plaintiff*,
                  -v-                                      12-4514-cv

ING GROEP, N.V., ING FINANCIAL HOLDINGS CORPORATION,
ING FINANCIAL MARKETS LLC, UBS SECURITIES LLC,
CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH,
PIERCE, FENNER & SMITH INCORPORATED, WACHOVIA CAPITAL
MARKETS, LLC, MORGAN STANLEY & CO. LLC, BANC OF
AMERICA SECURITIES LLC, RBC CAPITAL MARKETS CORPORATION,
CREDIT SUISSE SECURITIES (USA) LLC, HSBC SECURITIES (USA) INC.,
J.P. MORGAN SECURITIES INC., HUIB J. BLAISSE, ERIC F. BOYER DE
LA GIRODAY, PAUL M.L. FRENTROP, ALEXANDER H.G. RINNOOY

KAN, A.H.J. RISSEEUW, STICHTING ING AANDELEN, J. HANS VAN
BARNEVELD, JAN J.M. VERAART, HANS K. VERKOREN, ELI P.
LEENAARS, TOM REGTUIJT, MICHEL J. TILMANT, CEES MAAS,
ABN AMRO INCORPORATED, A.G. EDWARDS & SONS, INC.,

*Defendants-Appellees*,

WACHOVIA CORPORATION, ERNST & YOUNG LLP,

*Defendants*.

---

Appearing for Appellants:    Steven F. Hubachek, Robbins Geller Rudman & Dowd LLP, San Diego, CA (Eric Alan Isaacson, Andrew J. Brown; Deborah R. Gross, Law Offices of Bernard M. Gross, PC, Philadelphia, PA, *on the brief*).

Appearing for Appellees:    Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y. (Jared M. Gerber, Danielle J. Levine, Michelle J. Parthum, *on the brief*), *for the ING Defendants-Appellees*; Adam S. Hakki, Shearman & Sterling LLP, New York, N.Y. (Christopher R. Fenton, *on the brief*), *for the Underwriter Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Marshall Freidus, and Ray Ragan, and Movant-Appellant Belmont Holdings Corporation, on behalf of themselves and all others similarly situated, appeal from the October 12, 2012 final judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*), granting a motion to dismiss brought by ING Groep, N.V., and the numerous other Defendants-Appellees in this case (collectively, "ING"). At issue in this appeal is whether the district court erred in concluding that certain claims by Freidus brought under the Securities Act were barred by the pertinent statute of limitations. Also at issue is whether the district court erred in finding that certain other allegations by Ragan failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A district court's legal conclusions, including its interpretation and application of a statute of limitations, are . . . reviewed *de novo*." *City of Pontiac Gen. Empls.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). The relevant statute of limitations in this case is one year. *See* 15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under [Section 11] or [Section 12(a)(2)] of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the

exercise of reasonable diligence."). In our Circuit, we have established in similar circumstances that the statute of limitations will begin to run when a fact is discovered, and that "a fact is not deemed 'discovered' until a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint." *Pontiac*, 637 F.3d at 175 (interpreting the statute of limitations applicable to Section 10(b) claims). We determine that, in this case, the facts disclosed by the end of September 2007 would have alerted a reasonably diligent plaintiff to the alleged misstatements and omissions in the June 2007 offering, such that a reasonably diligent plaintiff could plead such omissions in a complaint. As such, the statute of limitations began to run in September 2007, and claims brought for the first time in February 2009 are time-barred. We therefore affirm the district court's judgment with respect to the statue of limitations issue.

Ragan also challenges the district court's determination that his allegations with respect to misstatements in connection with a securities offering in September 2007 failed to state a claim on which relief could be granted under Rule12(b)(6) of the Federal Rules of Civil Procedure. The district court noted, and we agree, that the major thrust of Ragan's complaint with respect to this theory of liability is that "ING's statement that it considered its assets to be of 'relatively high quality' was inaccurate or incomplete in September 2007 because it did not disclose the types of loans in the pools underlying ING's . . . [Residential Mortgage Backed Securities] or the places and years in which they were originated." It is sufficient for our purposes to affirm the district court's determination that this statement was one of opinion. Liability for opinions under the Securities Act will lie "only to the extent that the statement was both objectively false and disbelieved by the defendant at the time it was expressed." *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011). Ragan failed to plausibly allege that ING did not believe this statement at the time that it was made. As such, we affirm the district court's dismissal under Rule 12(b)(6).

We have examined the remainder of Plaintiffs-Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3